HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

BRITTANY E. BENNETT
CHRISTOPHER J. GARDNER
Trial Attorneys, Voting Section
Civil Rights Division

U.S. Department of Justice
4CON – Room 8.1815
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov
Email: Christopher.Gardner@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNADETTE MATTHEWS, in her Official Capacity as Executive Director of the State Board of Elections for the State of Illinois,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 3:25-cv-3398 |

**COMPLAINT**

1

## INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records,

2

akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## I.    JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.

## II.  PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8. Defendant Bernadette Matthews, Executive Director of the State Board of Elections for the State of Illinois, is sued in her official capacity as chief state election official responsible for coordinating Illinois responsibilities under the NVRA. *See* 52 U.S.C. § 20509; 26 Ill Adm. Code § 215.100. Matthews is sued in her official capacity only.

## BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Illinois' compliance with federal election law, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

### The National Voter Registration Act

11. The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State

responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant Matthews is the chief election official of the State of Illinois.

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain

identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid Drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

### The Civil Rights Act

16. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

17. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq.*

18. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703.

### FACTUAL ALLEGATIONS

19. On July 28, 2025, the Attorney General sent a letter to Executive Director Matthews seeking information regarding Illinois compliance with federal

election law. *See* Letter from Attorney General to Executive Director Matthews ("July 28 Letter").

20. This letter sought *inter alia* a current copy of Illinois' computerized statewide voter registration list ("SVRL") as required by Section 303 (a) of the Help America Vote Act including all fields contained within the list within fourteen days.

21. The Attorney General's July 28 Letter asked Executive Director Matthews to produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

22. On August 11, 2025, the Executive Director provided a redacted version of the SVRL to the Attorney General citing privacy provisions under both state law as well as The Privacy Act, the Driver's License Protection Act, and the Social Security Fraud Prevention Act.

23. On August 14, 2025, the Attorney General sent another letter to Executive Director Matthews demanding that Illinois provide a current electronic copy of its computerized statewide voter registration list, containing "all fields" ("SVRL"), required under the NVRA, HAVA and the CRA within seven days of the letter (the "August 14 Letter").

24. The August 14 Letter explained that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered to be a social security

7

number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing."

25. On September 2, 2025, Executive Director Matthews sent a letter to the Attorney General refusing to provide an unredacted SVRL with all fields as demanded.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

26. On August 14, 2025, the Attorney General sent a written demand to Executive Director Matthews for the production of specific election records pursuant to 52 U.S.C. § 20703.

27. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

28. September 2, 2025, Executive Director Matthews refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Executive Director Matthews to provide to the Attorney General the current electronic copy of Illinois computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

DATED: December 19, 2025

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

*/s/  Christopher J. Gardner*
BRITTANY E. BENNETT
CHRISTOPHER J. GARDNER
Trial Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov
Email: Christopher.Gardner@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on December 19, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                                      */s/ Christopher J. Gardner*
                                      Christopher J. Gardner
                                      Trial Attorney, Voting Section
                                      Civil Rights Division
                                      U.S. Department of Justice
                                      4 Constitution Square
                                      150 M Street NE, Room 8.141
                                      Washington, D.C. 20002
                                      Telephone: (202) 704-5430
                                      Email: Christopher.Gardner@usdoj.gov