# Exhibit D

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BERNADETTE MATTHEWS, *in her official capacity as Executive Director of the State Board of Elections for the State of Illinois*,<br><br>*Defendant*. | Case No. 3:25-cv-3398-CRL-DJQ |

**ILLINOIS AFL-CIO, ILLINOIS ALLIANCE FOR RETIRED AMERICANS, AND ILLINOIS FEDERATION OF TEACHERS' PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT**

Proposed Intervenors Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers answer Plaintiff's Complaint as follows:

**INTRODUCTION**

1.    Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute and opinion cited contain the quoted language and state that the statute and opinion speak for themselves. Proposed Intervenors otherwise deny the allegations.

2.    Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute contains the quoted text and state that the statute speaks for itself. Proposed Intervenors otherwise deny the allegations.

1

3. Paragraph 3 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text and state that the opinion speaks for itself. Proposed Intervenors otherwise deny the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text and state that the opinion speaks for itself. Proposed Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the Civil Rights Act of 1960, the National Voter Registration Act, and the Help America Vote Act. Proposed Intervenors deny that such authority authorizes the Attorney General's actions here.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Bernadette Matthews, Executive Director of the State Board of Elections for the State of Illinois, is sued in her official capacity only. Proposed Intervenors otherwise deny the allegations.

## BACKGROUND

9. Proposed Intervenors deny the allegation in Paragraph 9.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors incorporate their answers to Paragraphs 11–18, *infra*.

## The National Voter Registration Act

11. Paragraph 11 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text and that Executive Director Matthews is the chief election official of the State of Illinois. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## The Help America Vote Act

14. Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit

that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Civil Rights Act

16. Paragraph 16 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the CRA grants the Attorney General certain authority to request some records. Proposed Intervenors deny that the CRA authorizes the Attorney General's actions here.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### FACTUAL ALLEGATIONS

19. Proposed Intervenors admit the Attorney General sent a letter on July 28, 2025. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

20. Proposed Intervenors admit that the July 28, 2025 letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

21. Proposed Intervenors admit the allegations in Paragraph 21.

22. Proposed Intervenors admit that Executive Director Matthews sent a letter with exhibits to the Attorney General on August 11, 2025. The letter and exhibits speak for themselves. Proposed Intervenors otherwise deny the allegations.

23. Proposed Intervenors admit the Attorney General sent a letter on August 14, 2025, and that the letter contains the quoted text. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

24. Proposed Intervenors admit that the August 14 letter contains the quoted text. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

25. Proposed Intervenors admit that a letter was sent by Executive Director Matthews on September 2, 2025. That letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

## COUNT ONE

26. Paragraph 26 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a document which Plaintiff purports was a demand for election records was sent to Executive Director Matthews on August 14, 2025. Proposed Intervenors otherwise deny the allegations.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Executive Director Matthews declined to provide some of the records requested by Plaintiff.

5

Immediately following Paragraph 28, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.
3. Plaintiff has failed to establish entitlement to injunctive relief.
4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.
5. Plaintiff lacks authority to bring a cause of action.
6. This Court lacks jurisdiction over Plaintiff's claim.
7. This Court is the improper venue for Plaintiff's claim.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 22, 2025

/s/ Sarah Grady
Sarah Grady
*Counsel for Proposed-Intervenors*

Sarah Grady
John Hazinski
Adam Smith
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
sarah@kaplangrady.com
Tel: (312) 852-2184

Elisabeth Frost*
Katie Chamblee-Ryan*
Tina Meng Morrison*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
tmengmorrison@elias.law
Tel: (202) 968-4652

*Counsel for Proposed-Intervenors*

*Pro Hac Vice applications forthcoming