**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | No. 3:25-cv-3398-CRL-DJQ |
| BERNADETTE MATTHEWS, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois, | Hon. Colleen R. Lawless |
| *Defendant*. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

As Proposed Intervenors Common Cause, Illinois Coalition for Immigrant and Refugee Rights, Brian Beals, Pablo Mendoza, and Alejandra L. Ibañez ("Proposed Intervenors") explained in their briefing, this lawsuit is one of dozens that the United States has filed against states and elections officials, demanding the production of states' full and unredacted voter files.[1] On January 15, 2026, the U.S. District Court for the Central District of California entered an order and opinion in one of those cases—*United States v. Weber*—denying Plaintiffs' motion to compel, and granting Defendants and Intervenors' motions to dismiss the United States' complaint without leave to amend. *See United States v. Weber*, No. 2:25-cv-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026). The *Weber* order and opinion is attached as Exhibit 1.

In denying the motion to compel, the district court credited arguments that apply in equal force in this case. For one, the court recognized that the United States' request for private voter information "stands to have a chilling effect on American citizens like political minority groups and working-class immigrants who may consider not registering to vote or skip casting a ballot because they are worried about how their information would be used." Ex. 1 at 4. The court

---

[1] In their briefing, Proposed Intervenors identified twenty-four such suits against states and the District of Columbia. *See* Mem. of L. in Supp. of Mot. to Intervene at 4 & n.1, Dkt. 25. After Proposed Intervenors filed their motion, the Department of Justice sued Virginia. *See United States v. Beals*, No. 3:26-cv-00042 (E.D. Va. *filed* Jan. 16, 2026).

recognized how the United States has improperly sought to circumvent basic procedural protections in these actions. *Id.* at 13 ("Title III cannot transform an election records request by the federal government from an ordinary civil action into an action comparable to an order to show cause."). And in dismissing the complaint for failure to state a claim, the court explained that "DOJ's Title III claims must be dismissed because the DOJ's proffered statement and purpose, as required under the statute, is both lacking in depth and is contrived." *Id.* The court further determined that the Title III claims would also fail because DOJ's request for sensitive voter data "violates a plethora of federal privacy laws including the Privacy Act, E-Government Act, and Driver's Privacy Protection Act." *Id.* at 27. Because "the DOJ's request violates federal privacy laws," the court determined that "leave to amend would be futile." *Id.* at 33.

In addition to its discussion of the merits, the court's decision reinforces the useful role that civic organizations can play as intervenors. Throughout its opinion, the court adopted arguments presented by intervenor groups the NAACP, the Services, Immigrant Rights and Education Network, and the League of Women Voters of California, which the interests of individual voters. *See id.* at 22 (adopting intervenors' argument about NVRA preemption), 24-25 (adopting intervenors' argument about HAVA), 31 (adopting intervenors' argument about supplemental authority filed by DOJ). The privacy and voting rights of individual citizens are central to the legal issues in this case, *see, e.g.*, *id.* at 28, and *Weber* shows how civic organizations can represent this vital perspective—further supporting Proposed Intervenors' motion to intervene.

Additionally, on January 16, 2026, the U.S. District Court for the Western District of Pennsylvania granted intervention to civic organizations and several individual voters. *See United States v. Schmidt*, No. 2:25-cv-1481-CB, Dkt. No. 105 (W.D. Pa. Jan. 16, 2026). The *Schmidt* order is attached as Exhibit 2. The order in *Schmidt* joins the weight of authority from across the country granting intervention to parties such as Proposed Intervenors. *See* Mem. of L. in Supp. of Mot. to Intervene at 2, 13.

Dated: January 21, 2026

Ethan Herenstein
Sophia Lin Lakin
Theresa J. Lee
William Hughes
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
eherenstein@aclu.org
slakin@aclu.org
tlee@aclu.org
whughes@aclu.org

Patricia J. Yan
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20001
(202) 457-0800
pyan@aclu.org

Respectfully submitted,

*/s/Kevin Fee*
Kevin Fee
Rebecca Glenberg
Priyanka Menon
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org
pmenon@aclu-il.org

Aneel Chablani
Ami Gandhi
Chicago Lawyers' Committee for Civil Rights
25 E. Washington St., Ste. 1300
Chicago, IL 60602
(312) 888-4193
achablani@clccrul.org
agandhi@clccrul.org