# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

THE UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

BERNADETTE MATTHEWS, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois,

    *Defendant.*

No. 3:25-cv-3398

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(5) AND 12(B)(6)

Defendant Bernadette Matthews, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois, moves to dismiss the complaint, ECF 4, pursuant to Rules 12(b)(5) and 12(b)(6). The Department of Justice ("DOJ") demands an unredacted copy of the Illinois voter registration list that would reveal all registered voters' sensitive personal identifiers—driver's license and social security numbers. Because DOJ has not properly served Matthews, and because DOJ lacks statutory authority for its demand, the complaint must be dismissed. The grounds for Matthews's motion are set forth in her supporting memorandum of law, which is incorporated by reference. *See* Civil Local Rule 7.1(B)(1).

*First*, DOJ has not effected service on Matthews. After rejecting Matthews's offer to waive service, DOJ caused the summons to be handed to a low-level employee at Matthews's workplace. That is not a valid method of service on either an individual or a state agency under Rule 4, so the complaint should be dismissed without prejudice under Rule 12(b)(5). *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Matthews reserves her right to file a new Rule 12 motion if she is ever properly hailed into Court.

*Second*, DOJ fails to state a claim on the merits. To justify its demand, DOJ relies on a provision from the Civil Rights Act of 1960 allowing DOJ to demand certain records that "come into [the] possession" of an election officer after DOJ specifies "the basis and the purpose" for the demand. 52 U.S.C. §§ 20701, 20703. The statewide voter file does not "come into" Matthews's possession, DOJ has articulated no basis for its demand, and DOJ has pleaded a purpose unrelated to enforcement of the Civil Rights Act. Even if Matthews were properly subject to this Court's jurisdiction, then, the complaint should be dismissed with prejudice under Rule 12(b)(6).

Dated: February 20, 2025

Vikas Didwania
Holly Berlin
R. Henry Weaver
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
vikas.didwania@ilag.gov
holly.berlin@ilag.gov
robert.weaver@ilag.gov
(312) 814-3000

Respectfully submitted,

KWAME RAOUL,
Attorney General of Illinois, on behalf of
Bernadette Matthews, Executive Director of the
Illinois State Board of Elections

By:  */s/ R. Henry Weaver*
     Assistant Attorney General