E-FILED
Friday, 20 February, 2026  04:37:21 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 2

**STATE BOARD OF ELECTIONS**

**STATE OF ILLINOIS**



**2329 S. MacArthur Blvd.**
**Springfield, Illinois 62704**
**217-782-4141**
**TTY: 800-964-3013**
**Fax: 217-782-5959**

**69 W. Washington St., Suite LL08**
**Chicago, Illinois 60602**
**312-814-6440**
**Fax: 312-814-6485**

**BOARD MEMBERS**
**Laura K. Donahue, Chair**
**Rick S. Terven, Sr., Vice Chair**
**Jennifer M. Ballard Croft**
**Cristina D. Cray**
**Tonya L. Genovese**
**Catherine S. McCrory**
**Jack Vrett**
**Casandra B. Watson**

**EXECUTIVE DIRECTOR**
**Bernadette M. Matthews**

September 10, 2025

Harmeet Dhillon, Assistant Attorney General
Michael E. Gates, Deputy Assistant Attorney General
Maureen Riordan, Acting Chief
U.S. Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Ave., NW – 4CON
Washington, DC  20530
Michael.Gates2@usdoj.gov
Maureen.Riordan2@usdoj.gov

*via U.S. mail and email (exhibit via email only)*

　　　　Re:　　Supplemental response to letter dated 7/28/25

Ms. Dhillon, Mr. Gates, Ms. Riordan,

　　　　On August 11, 2025, in response to your July 28, 2025 letter, the Illinois State Board of Elections (SBE or Board) provided you with: (1) a contact list of Illinois election officials; and (2) a copy of the Illinois statewide voter registration list pursuant to Section 20507(i) of the National Voter Registration Act (NVRA), 52 U.S.C. § 20507(i), and as authorized by Section 1A-25(b) of the Illinois Election Code, 10 ILCS 5/1A-25(b).  We greatly appreciate the extension of time to work with Illinois' 108 local election authorities to compile additional information requested in your letter.

　　　　Your letter asks for a description of the steps that Illinois has taken to ensure that state and local officials properly carry out, in compliance with federal law, the state's list maintenance program: Illinois maintains a reasonable program to remove voters who are ineligible by reason of death or change of address and sends confirmation notices as the NVRA requires.  This letter further details voter registration practices with respect to individuals adjudicated incompetent, convicted felons, and non-citizens, as requested.  We also address your inquiries regarding Illinois' responses to the 2024 Election Administration and Voting

Page 1

Survey (EAVS).  Illinois' list maintenance practices are fully compliant with federal law and ensure that voters who should not be on Illinois' voter rolls are removed, without disenfranchising any eligible voter.

## About the Illinois State Board of Elections

SBE was created by Article III, Section 5 of the Illinois Constitution as a bipartisan entity providing "general supervision over the administration of the registration and election laws throughout the State."  Ill. Const. Art. III, § 5; *see also* 10 ILCS 5/1A-1, 1A-2.  The Board, through its eight members, appoints the Executive Director to exercise general supervision over the operation of the business of the Board and its employees.  *Id.* 1A-10.  Illinois law designates SBE's Executive Director as the chief state election official "responsible for coordination of State responsibilities" under federal election laws.  26 Ill. Adm. Code 216.100(b); *see also* 52 U.S.C. § 20509.  As the sixth most populous state in our nation, with over 8 million registered voters, SBE works closely with its local election authority partners to ensure Illinois' sizeable voter rolls are up-to-date and compliant with all state and federal laws.

## State and Local Registration Duties under Illinois' Bottom-Up Voter Registration System

Section 303 of the Help America Vote Act (HAVA) requires that, "each State, acting through the chief State election official, shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level[.]"  52 U.S.C. § 21083(a)(1)(A).  SBE operates Illinois' computerized statewide voter registration list as required by HAVA, and Illinois' local election authorities are responsible for inputting and maintaining individual voter registration records in their own local voter registration databases for their respective residents.  Each local election authority then transfers the relevant voter data from its local database to the state voter registration list database.  A state database like Illinois' that gathers or uploads its information from local voter registration databases to form the statewide voter registration list is known as a bottom-up voter registration system.

Illinois' centralized statewide voter registration list, housed in the Illinois Voter Registration System (IVRS), is compiled from the voter registration databases of each Illinois election authority.  10 ILCS 5/1A-25(a)(1).  Illinois law requires that each of the 108 local election authorities "maintain a voter registration system capable of receiving and processing voter registration application information, including electronic signatures, from the online voter registration system established by the State Board of Elections."  *Id.* 1A-16.5(a).  Registration information maintained by each election authority's individual system must be synchronized with the statewide voter list in IVRS at least once every 24 hours.  *Id*. 1A-25(a)(4).  Illinois' bottom-up structure allows trusted local election officials to maintain control over their jurisdictions' registrations, while ensuring a centralized database is maintained at the state level in compliance with all applicable federal laws, including HAVA.  A bottom-up voter registration system is listed among the permissible options for a HAVA-compliant

electronic voter list in the U.S. Election Assistance Commission's July 2025 Voluntary Guidance on Implementation of Statewide Voter Registration Lists, https://www.eac.gov/sites/default/files/eac_assets/1/1/Implementing%20Statewide%20Voter%20Registration%20Lists.pdf, at 5-6.

For purposes of registering voters, Illinois maintains a voter registration form "consistent with the form prescribed by the Federal Election Commission under the National Voter Registration Act of 1993…and the Help America Vote Act of 2002…in all relevant respects" and must "periodically update the form based on changes to federal or State law." 10 ILCS 5/1A-16(d-5).  Voter registration applications submitted to SBE online must be forwarded to the county clerk or board of election commissioners having jurisdiction over the applicant's voter registration within two days of receipt.  *Id.* 1A-16(b), 1A-16.5(h)(2).  Each election authority must "accept Voter Registration Applications tendered to it under circumstances complying with the provisions of the National Voter Registration Act of 1993..." 26 Ill. Adm. Code 216.30(b).  Next,

> Upon receipt of the online voter registration application, the county clerk or board of election commissioners having jurisdiction over the applicant's voter registration shall promptly search its voter registration database to determine whether the applicant is already registered to vote at the address on the application and whether the new registration would create a duplicate registration. If the applicant is already registered to vote at the address on the application, the clerk or board, as the case may be, shall send the applicant by first class mail, and electronic mail if the applicant has provided an electronic mail address on the original voter registration form for that address, a disposition notice as otherwise required by law informing the applicant that he or she is already registered to vote at such address. If the applicant is not already registered to vote at the address on the application and the applicant is otherwise eligible to register to vote, the clerk or board, as the case may be, shall: (1) enter the name and address of the applicant on the list of registered voters in the jurisdiction; and (2) send by mail, and electronic mail if the applicant has provided an electronic mail address on the voter registration form, a disposition notice to the applicant as otherwise provided by law setting forth the applicant's name and address as it appears on the application and stating that the person is registered to vote.

10 ILCS 5/1A-16.5(i).  The local election authority's individual voter registration system then transfers voter data to IVRS.  SBE maintains the technological aspects of IVRS, while the input and removal of voter data is handled by the local election authority.  *See generally id.* 1A-25.

In lieu of completing an online voter registration application with SBE, a voter may submit a voter registration application through the office of their local election authority, designated temporary places of registration, deputy registrars, the Illinois Secretary of State (SOS), or other designated government agencies.  *See id.*, *e.g.*, 1A-16.7, 4-6, 4-6.2, 5-5, 6-29. Registration is also available at polling places during early voting and on election day, *id. e.g.*,

4-50, 5-50, 6-29, 6-100.  Voters may use either SBE's registration form or the National Mail Voter Registration Form, which are both available on the Board website. https://www.elections.il.gov/InformationForVoters.aspx?MID=I0cuvBFuZRw%3d; *see also* 52 U.S.C. § 20506; 10 ILCS 5/1A-16.  In all cases, the local election authority determines the voter's qualifications, and, if they are qualified, registers them in its local system, which then sends the data to IVRS.  10 ILCS 5/1A-16, 4-11, 5-9, 6-37.  After a voter is registered, Illinois' local election authorities maintain the voter's data utilizing the extensive resources provided by SBE, as detailed further below.

### Federal List Maintenance Mandates

"[T]he NVRA both protects registered voters from improper removal from the rolls and places limited requirements on states to remove ineligible voters from the rolls."  *Am. Civil Rights Union v. Phila. City Comm'rs*, 872 F.3d 175, 179 (3d Cir. 2017).  The statute sets forth several requirements regarding states' maintenance of their voter registration lists, including that State programs:

- Make a <u>reasonable</u> effort to remove the names of ineligible voters by reason of death or change of residence, 52 U.S.C. § 20507(a)(4) (emphasis added);

- Are uniform, nondiscriminatory, and do not result in removal of registered voters solely by reason of failure to vote, *id*. § 20507(b);

- Do not remove a registrant on grounds of change of address unless they confirm, or fail to respond to a confirmation notice and do not vote in two general elections for Federal office after receiving, a confirmation notice, *id*. § 20507(d)(1); and

- Complete their list maintenance efforts not later than 90 days before a primary or general election for Federal office, *id*. § 20507(c)(2)(A).

A state meets its duty to run a "reasonable" list maintenance program under Section 20507(a)(4) by using change-of-address information supplied by the United States Postal Service to identify registrants whose addresses may have changed.  *Id.* § 20507(c)(1)(A).  If it appears a registrant has moved to a different residence address in the same jurisdiction in which the registrant is currently registered, registration records must be updated to show the new address and a notice of the change sent by forwardable mail with a postage prepaid pre-addressed return form.  *Id.* § 20507(c)(1)(B)(i).  If the registrant has moved to a different residence address not in the same jurisdiction, the notice procedure described in subsection (d)(2) must be used to confirm the change of address.  *Id.* § 20507(c)(1)(B)(ii).  As explained below, Illinois' laws and practices ensure the state's compliance with these mandates.

### Illinois' List Maintenance Program Meets NVRA Standards

SBE and local election authorities in Illinois partner in their joint goal to ensure accurate voter rolls.  Local election authorities are responsible for sending voters within their

jurisdiction any required confirmation notices, updating registrations of individual voters, including updated addresses, and cancelling registrations in the event of a voter request, death, or ineligibility of the voter, or following the biennial list maintenance program, all in compliance with the NVRA. 52 U.S.C. § 20507(a)(4), (b)-(d); 26 Ill. Adm. Code 216.50(b). Illinois' chief state election official, through SBE, supplies the local election authorities with a wealth of information needed to conduct effective list maintenance, facilitating updates to individual voters' registrations, and providing oversight of the state's list maintenance program.

### a. Illinois' Complies with and Exceeds NVRA Requirements in its Program to Remove the Names of Ineligible Voters by Reason of Death or Change of Residence

IVRS is updated daily and subject to rigorous checks to maintain its accuracy. These checks are the result of extensive efforts by SBE and its local election authority partners to ensure that only eligible people are registered to vote. As part of this process, state and local election officials rely on extensive reporting from several federal and state agencies.

Illinois law mandates participation in the Electronic Registration Information Center (ERIC) to ensure Illinois election officials receive the information needed for effective list maintenance.  *See* 10 ILCS 1A-16.8(a).  ERIC is a nonpartisan consortium comprised of state election officials from 25 states and the District of Columbia that is funded and governed by its member states.  As an ERIC member, Illinois follows the coalition's bylaws and procedures set forth in its Membership Agreement, which is available at: https://ericstates.org/wpcontent/uploads/documents/ERIC-Bylaw-MA-FINAL.pdf.

At least every 60 days, ERIC members securely share voter registration data, as well as data and licensing information provided by each member's Department of Motor Vehicles, which in Illinois is the SOS.  ERIC matches member states' data against the Social Security Administration's death records and the U.S. Postal Service's National Change of Address (NCOA) program and provides member states reports identifying voter registration records within the member jurisdictions that may be inaccurate or out of date, voters who are deceased, and voters who have moved from one ERIC member jurisdiction to another. Member states, including Illinois, use this data to remove the names of ineligible voters from the official lists of eligible voters in the event of their death or change of address, as required by the NVRA.  *See* 52 U.S.C. § 20507(a)(4), (c).  In addition to helping members maintain more accurate voter rolls, ERIC helps detect possible illegal voting, which jurisdictions use to report for criminal investigation and possible prosecution.

Illinois law requires that SBE "shall utilize data provided as part of its membership in the Electronic Registration Information Center in order to cross-reference the statewide voter registration database against databases of relevant personal information kept by designated automatic voter registration agencies, including, but not limited to, driver's license information kept by the SOS, at least 6 times each calendar year and shall share the findings with election authorities."  10 ILCS 5/1A-16.8(b).  Illinois law also tasks SBE with cross-referencing the statewide voter registration database against the NCOA database twice each

calendar year and sharing the findings with local election authorities.  *Id.* 1A-16.8(a).  Both mandated searches are performed in cooperation with ERIC.

Every 60 days, ERIC provides SBE lists of voters who: (1) moved from Illinois to another ERIC member state; (2) moved within Illinois; (3) passed away as reported on the Social Security Administration's Master Death List; and (4) have a potential duplicate record in Illinois.  Twice each year, ERIC provides a report on voters who filed a change of permanent address with the U.S. Postal Service and are included in the NCOA list.  *See id.* 9-16.8(a).  SBE transmits jurisdiction-specific portions of these ERIC reports to the appropriate local election authority through the IVRS system for appropriate action.  Local election authorities must compare all the data in the potential matches, perform any additional research needed, merge any duplicate entries, and send required notices to the affected voter pursuant to state and federal law within 90 days of receipt as required by the ERIC Agreement.  If the registrant is deceased, Illinois law requires "a certified copy of the voter's death certificate or equivalent document issued by a department of vital records, wherever situated" before the registration is cancelled.  26 Ill. Adm. Code 216.50(d)(5).

To further ensure accurate list maintenance, SBE uses weekly data from the Illinois Department of Corrections to generate potential matches of registered voters with incarcerated felons, as well as monthly data from the Illinois Department of Public Health to generate potential matches of registered voters with deceased individuals.  Results of these matches are given to local election authorities to research, confirm, and make any required updates to voter registrations.  Additionally, the Board subscribes to the American Association of Motor Vehicle Administrators (AAMVA) database.  SBE performs its own AAMVA searches to verify voter data, and the results are provided as potential matches to local election authorities to research, confirm, and make any required updates to voter registration.  SBE also makes AAMVA searching available to local election authorities.

SBE provides a host of other support and resources in its partnership with local election authorities.  The IVRS User Manual, attached to this letter as Exhibit A, provides detailed instructions on use of IVRS, including specific instructions on voter matching and processing potential deceased matches and cross state matches.  *See* Ex. A at 85-99.  To ensure each local election authority performs list maintenance duties in accordance with state and federal law, each jurisdiction is assigned to an employee from the SBE's Division of Voting and Registration Systems (VRS) for monitoring and oversight.   VRS thus ensures that jurisdictions are actively performing list maintenance as to deceased voters, voters with a change of address, incarcerated individuals, and potential duplicate registrations, among other voter registration responsibilities.  VRS is also available to the assigned jurisdictions to answer questions, interpret reports and conflicting data, and otherwise guide NVRA compliance.

The measures outlined above, which are the result of extraordinary partnerships between SBE and local election authorities, meet or exceed federal standards.

**b.** **Illinois Ensures Voters Are Sent Confirmation Notices Compliant with the NVRA and Are Not Removed from Voter Lists Solely for Failure to Vote**

When an ERIC match indicates a voter has relocated within Illinois, the local election authority or authorities send notices to both the new and former addresses. 10 ILCS 5/1A-16.8. In the event of an out-of-state match or NCOA match, forwardable confirmation notices are sent to the voter's apparent former address. Additionally, Illinois election authorities send non-forwardable mailings to all voters every two years, and for any that are returned as undeliverable, the local election authority sends a forwardable confirmation notice. In all instances:

> No voter registration may be canceled without following the procedures and providing the notice of suspension or cancellation required by Section 8(a) through (d) of the National Voter Registration Act of 1993. The Voter Registration Application or the Voter Registration Card of an inactive voter who has not voted in two consecutive general federal elections shall be canceled at the completion of procedures set forth in Section 8(d) of the National Voter Registration Act of 1993, provided that while such procedures are pending, the voter has taken no action specified in the National Voter Registration Act of 1993 to restore his or her name to active voter status.

26 Ill. Adm. Code 216.50(b) (*citing* 52 U.S.C. § 20507(a)-(d)). Each election authority must maintain a list of all voters to whom a forwardable confirmation of address notice has been sent. 26 Ill. Adm. Code 216.40(f). If a voter's new registration cannot be successfully merged with an existing registration, a voter's registration is not cancelled due to a change of address as part of Illinois' systematic program to remove ineligible voters unless the voter fails to respond to a forwardable confirmation notice, and subsequently, does not vote in two consecutive general federal elections, as the NVRA requires. *See* 52 U.S.C. § 20507(d)(1). Any such cancellations are generally effectuated mid-year in odd numbered years to ensure they are completed not later than 90 days before a primary or general election for Federal office. *See* 52 U.S.C. § 20507(c)(2)(A).

### Other Ineligible Voters

Your letter asks about the handling of voter registrations of individuals adjudicated incompetent, convicted of felonies, or who are not U.S. citizens. Illinois law does not remove an individual's right to vote for reasons of adjudicated incompetency. With respect to convicted felons, Illinois law provides that a person sentenced to imprisonment loses the right to vote until released from imprisonment. Ill. Const. Art. III, § 2; 730 ILCS 5/5-5-5(c). As explained above, SBE uses data supplied by the Illinois Department of Corrections weekly to generate potential matches of registered voters with incarcerated felons and provides the matches to local election authorities to research, confirm, and make any required updates to voter registrations. Additionally, when a United States attorney notifies SBE of federal convictions pursuant to Section 20507(g) of the NVRA, 52 U.S.C. § 20507(g), notice is forwarded to local election authorities to ensure convicted voters' registrations are canceled if

they are incarcerated.  Illinois administrative rules list the acceptable documentation required for cancellation of an incarcerated person's voter registration.  See 26 Ill. Adm. Code 216.50(d)(1)-(4).

Illinois also takes numerous measures to ensure non-citizens do not register to vote. On voter registration applications created by the Illinois State Board of Elections, voters are asked, "Are you a citizen of the United States?"  10 ILCS 5/1A-16(d).  Applicants are also required to certify as follows: "The information I have provided is true to the best of my knowledge under penalty of perjury.  If I have provided false information, then I may be fined, imprisoned, or, if I am not a U.S. citizen, deported from or refused entry into the United States."  *Id.*  Voters who register by other methods must also attest to their status as a United States citizen.  *See*, *e.g.*, 10 ILCS 5/4-8, 5-7, 6-29.  Illinois' registration application complies with the NVRA's requirements, *see* 52 U.S.C. § 20508(b)(2)(A), (B), by requiring applicants to certify that they are U.S. citizens.  If an applicant does not make the required certification of citizenship, the voter registration application will not be approved.

Additionally, SBE maintains an interagency agreement with the Illinois Secretary of State that prohibits SOS from including non-citizens or others ineligible to vote from SOS driver database records used for voter registration purposes.  Under the agreement, if SOS receives a voter registration application from a non-citizen, the application is not forwarded to SBE for processing.

**Response to EAVS Survey Inquiries**

As previously explained, list maintenance determinations for individual Illinois voters are made by Illinois' 108 local election authorities.  Although SBE can easily access data in IVRS showing voter status (active, inactive, canceled, etc.) as marked by the local election authorities, some of the data required to complete the approximately 500 EAVS questions is not housed in IVRS.  Instead, each local election authority supplies certain data for Illinois' response to the survey.  The EAVS survey instructions state that jurisdictions should enter "Data not available" if a question is applicable but the jurisdiction does not have the data necessary to answer the question.  2024 Election Administration and Voting Survey, U.S. Election Assistance Commission, OMB Control No. 3265-0006, 2024 Election Administration and Voting Survey (EAVS).  Despite this instruction, several counties reported that some of the EAVS questions would accept only a numerical entry; in those instances, counties in which data to answer the question was not available entered 0.

To respond to your six EAVS-related inquiries, SBE reached out to all local election authorities named in your letter.  Each inquiry is addressed below.

1.        Your letter identifies 32 local election authorities that did not supply the number of confirmation notices sent to voters for use in the 2024 EAVS survey.  All but one of the 32 jurisdictions reported that they did send confirmation notices to voters during the relevant time. Twenty-seven of the 32 jurisdictions noted that their local voter registration system either did not track confirmation notice data or did not track it in a manner that assisted in completing the EAVS

survey.  Sixteen jurisdictions indicated that they transitioned or are in the process of transitioning to a new system for future tracking of this information.  The steps Illinois takes to ensure that these authorities are conducting list maintenance are described in detail throughout this letter.

2.       SBE does not possess sufficient data to identify all reasons why jurisdictions reported sending confirmation notices to a larger percentage of voters than the national average.  Confirmation notices are sent and stored locally by each local election authority.  26 Ill. Adm. Code 216.40(f).  Further, local election authorities do not report to SBE the reason each confirmation notice is sent, nor does NVRA require them to do so.  Notwithstanding these limitations, below is an explanation of factors impacting the overall volume of confirmation notices.

*First*, Illinois law requires that whenever ERIC identifies a match to an Illinois voter who relocated within the state, both the voter's old election authority and new election authority must mail notices to the voter, resulting in two mailings for each registered voter.  10 ILCS 5/1A-16.8(a)-(c).  This includes all in-state matches arising from both NCOA data and SOS motor vehicle data.  *Id.*  Some jurisdictions may count both types of notices in their total of confirmation notices, increasing their overall number of confirmation notices mailed.

*Second*, and as further explained in response to #3 below, a number of jurisdictions included in their total reported number of confirmation notices both NVRA confirmation notices and a variety of general notices that they sent to voters.  *See* Response to #3 below at 10; *see also* 52 U.S.C. § 20507(d)(2).  This inflated those jurisdictions' reported EAVS "confirmation notice" totals.

*Finally*, Illinois has experienced population shifts that may account for a portion of the high number of confirmation notices sent.  The National Movers Study for both 2023 and 2024 reported that Illinois had the second highest rate of outbound moves in the nation.  National Movers Studies, available at https://www.unitedvanlines.com/newsroom/2024-national-movers-study; https://www.unitedvanlines.com/newsroom/movers-study-2023.  Because confirmation notices are sent when records indicate a voter changed addresses, sizeable population shifts inevitably increase the number of confirmation notices sent.

3.       Your letter identifies 16 local election authorities that reported sending confirmation notices to more than one hundred percent of all registered voters.  SBE reached out to each of these authorities to request an explanation.   Seven counties indicated that they included various general notices mailed to voters in their confirmation notice totals, not exclusively forwardable NVRA confirmation notices.  One county explained that the high volume of REAL ID replacement registrations may have yielded a higher total of confirmation notices sent.  Other counties noted that they are transitioning to a new vendor for more assistance tracking confirmation notices.

4.       SBE does not possess the data to report specific reasons why jurisdictions sent confirmation notices for "not categorized" reasons, nor does the NVRA require it to do so.

5.       SBE does not possess the data needed to explain the number and percentage of voters removed from voter rolls for the "other" reason, nor to provide the number of voters removed for each reason described as "other."  Although election authorities report individual voter registration cancellations to SBE in the IVRS system, they frequently do not report the reason for cancellation, nor

Page 9

does the NVRA require them to do so.  The response to #6 below details the common reasons jurisdictions identified for using the "other" reason for removal.

6.      Your letter identifies 18 local election authorities that reported more than a quarter of voters listed as being removed for a reason described as "other."  SBE reached out to each of these authorities to request an explanation.  Many local election authorities indicated that they used the "other" category because their local system's list of reasons for removal did not match EAVS's list of reasons for removal.  "Other" was also used where the jurisdiction accepted a match to a newer registration in another jurisdiction, permitting the removal of the old registration.

### Conclusion

Federal and Illinois law both recognize the right to vote as "fundamental."  *See*, *e.g.*, 52 U.S.C. § 20501(a)(1); *Tully v. Edgar*, 664 N.E.2d 43, 650 (Ill. 1996).  "[V]oting is of the most fundamental significance under our constitutional structure."  *Ill. State Bd. of Elections v. Socialist Workers Pty.*, 440 U.S. 173, 184 (1979) (citations omitted).  SBE and local election authorities take very seriously their responsibility to maintain up-to-date and accurate voter registration records while ensuring that no eligible voters are disenfranchised by being mistakenly removed from the rolls.  Illinois' comprehensive list maintenance framework fully complies with federal law, including the NVRA and HAVA.

If you have any additional questions about Illinois' list maintenance laws and procedures, please do not hesitate to contact me.

Sincerely,

Marni M. Malowitz
General Counsel
Illinois State Board of Elections
(312) 814-6462
mmalowitz@elections.il.gov

cc:     Bernadette M. Matthews, Executive Director, SBE *(via email only)*

Attachment:  Exhibit A – IVRS User Manual

Page 10