IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>BERNADETTE MATTHEWS, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois,<br><br>    *Defendant*. | Civil Action No. 3:25-cv-3398 (CRL) (DJQ) |

## **MEMORANDUM IN SUPPORT OF THE DEMOCRATIC NATIONAL COMMITTEE'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

The Democratic National Committee ("DNC") respectfully moves for leave to submit a brief in this matter as amicus curiae. The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voter's rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to vote in favor of Democratic candidates. The DNC represents millions of voters, including over three million registered Democrats in Illinois.

This Court should exercise its discretion to allow the DNC to file an amicus brief. "No rule governs amicus appearances in the district courts, but Federal Rule of Appellate Procedure 29 provides that a motion for leave to file should state (1) 'the movant's interest,' and (2) 'the reasons why the amicus brief is beneficial and aids in the disposition of the case.'" *Boaden v. Cont'l Cas. Co.*, No. 1:18-cv-3314, 2026 WL 323274, *9 (N.D. Ill. Feb. 6, 2026) (quoting Fed. R. App. P. 29(a)(3)). The critical criterion is whether the proposed amicus brief will assist the court by offering a unique perspective or information beyond what the parties provide. *See Nat'l Org. for*

*Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). Ultimately, "whether to allow the filing of an amicus curiae brief is a matter of 'judicial grace.'" *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (quoting *Scheidler*, 223 F.3d at 616).

In this case, the U.S. Department of Justice ("DOJ") demands a copy of the State of Illinois's complete, unredacted voter file, which includes the personally identifiable information of millions of Democrats. This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between electoral participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). In turn, the DNC has a significant protectable interest in the success of Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would impose an intolerable burden on that interest. *See, e.g.*, *Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *2–3 (D. Nev. Apr. 28, 2020); *cf. Bost v. Ill. State Bd. of Elections*, 146 S. Ct. 513, 519–21 (2026).

The DNC would also offer substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 ("Title III"), 52 U.S.C. §§ 20701–20706; the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501–20511, and the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. §§ 20901–21145. The DNC routinely litigates matters under both the NVRA and HAVA. *See, e.g.*, *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA). More broadly, the DNC regularly works with state election officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on Title III's document-retention requirements. As a result, several courts have accepted DNC amicus briefs in related

cases. *See, e.g.*, Order, *United States v. Oregon*, No. 6:25-cv-1666 (D. Or. Nov. 21, 2025), ECF No. 38.

In this matter, Executive Director Matthews has offered this Court a range of independently sufficient bases to dismiss this litigation and deny DOJ's motion to compel. *See* Def. Mem., ECF No. 42; Def. Opp., ECF No. 43. The DNC's proposed amicus brief compliments Defendant's submissions by providing targeted and expanded treatment of the inadequacy of DOJ's pretextual assertion of "the basis and the purpose" of its Title III request and the process necessary before this Court should enforce that request. Thus, the DNC's amicus brief will assist this Court by presenting unique "ideas, arguments, theories, and insights." *Voices for Choices*, 339 F.3d at 545.

For these reasons, this Court should grant the DNC's motion for leave to file an amicus brief in the above-captioned matter.

Respectfully submitted,                                  February 23, 2026


                                         */s/ Daniel J. Freeman*
                                         Daniel J. Freeman
                                         Democratic National Committee
                                         430 South Capitol Street SE
                                         Washington, DC 20003
                                         (202) 863-8000
                                         freemand@dnc.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 23, 2026, a true and correct copy of the foregoing was served via the Court's ECF system on all counsel of record.

                                                */s/ Daniel J. Freeman*
                                                Daniel J. Freeman
                                                Democratic National Committee
                                                430 South Capitol Street SE
                                                Washington, DC 20003
                                                (202) 863-8000
                                                freemand@dnc.org