UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>        v.<br><br>BERNADETTE MATTHEWS, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois,<br><br>                  Defendant. | Civil Case No.: 3:25-cv-3398<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE** |

*Amici* Former Employees of the U.S. Department of Justice ("Former Employees") respectfully move for leave to file a brief in this matter as *amici curiae*. The Former Employees are all attorneys who worked on voting enforcement in the Civil Rights Division of the U.S. Department of Justice (DOJ), either in DOJ's Voting Section, in the Appellate Section of the Civil Rights Division, or as political appointees. The identities of the individual *amici* are listed in Appendix A of the proposed amicus brief. Many of them made, reviewed, and approved information requests to States and localities under Title III of the Civil Rights Act of 1960, or have litigated under the Civil Rights Act, the National Voter Registration Act (NVRA), and the Help America Vote Act (HAVA) on behalf of the United States, while at DOJ. *Amici* have a strong interest in ensuring that the disclosure provisions of the NVRA and the Civil Rights Act continue to provide for robust disclosure and investigatory authority, but also that courts properly apply statutory text and precedent to avoid the sorts of abuses evidenced in this case.

The Court should exercise its discretion to allow the Former Employees to participate as *amici*. "No rule governs amicus appearances in the district courts," *Boaden v. Cont'l Cas. Co.*, 2026 WL 323274, at *9 (N.D. Ill. Feb. 6, 2026), and "[i]t is within this Court's discretion to permit

an *amicus curiae* brief.," *UL LLC v. Callington*, 2025 WL 2257375, at *5 n.5 (N.D. Ill. Aug. 7, 2025). Courts in this circuit have held that amicus briefs are proper, among other circumstances, "when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *Boaden*, 2026 WL 323274, at *9; *accord Democratic Nat'l Comm. v. Bostelmann*, 488 F. Supp. 3d 776, 799 n.17 (W.D. Wis. 2020); *United States v. United States Steel Corp.*, 2021 WL 860941, at *2 (N.D. Ind. Mar. 8, 2021). Courts liberally exercise their discretion to grant leave to file amicus briefs. *See, e.g.*, *CMB Exp., LLC v. Atteberry*, 2016 WL 5660382, at *3 (C.D. Ill. Sept. 29, 2016); *Fidlar Acquisition Co. v. First Am. Data Tree LLC*, 2016 WL 1259377, at *10 (C.D. Ill. Mar. 29, 2016); *Tremain ex rel. Nat'l Lab. Rels. Bd. v. Terrace*, 2009 WL 10684861, at *4 (C.D. Ill. Oct. 16, 2009); *United States v. Hijazi*, 2008 WL 4151337, at *1 (C.D. Ill. Sept. 4, 2008); *cf. Neonatology Assocs. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (noting that the "predominant practice in the courts of appeals" is to grant motions for leave to participate as amicus "unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted").

The Court should grant the Former Employees leave to file a brief because their perspective as *amici* will be useful to the Court's consideration of the factual and legal issues in the case, including in deciding Defendant's motions to dismiss. The Former Employees are in a unique position. As attorneys who worked on voting cases at DOJ, the Former Employees retain a great respect for DOJ's legitimate enforcement role and seek to avoid artificial limitations on its statutory authority. Yet at the same time, their former roles as DOJ attorneys on voting cases gave them insight into and an appreciation for the statutory limits that prevent abuses of DOJ's enforcement authority. Given both their subject-matter expertise and their personal experience

1

with the information-disclosure statutes at issue in this case, the Former Employees bring a uniquely helpful perspective.

The Former Employees also add new information relevant to the Court's decision-making. First, they provide details of prior DOJ information requests under Title III, from which the requests made to nearly all States over the past year are a marked departure. Second, they provide information on how any legitimate concerns about instances of illegal registration or voting could be appropriately handled. And third, they provide media stories and public statements from DOJ to help the Court to assess whether DOJ's proffered "purpose" for obtaining States' full, unredacted voter rolls, 52 U.S.C. § 20703, differs from its apparent true purpose.

The amicus brief is also timely, filed shortly after Defendant's motion to dismiss and with sufficient time for Plaintiff to consider the brief's contents before filing its brief in opposition to the motion to dismiss.

The *amici* Former Employees of the U.S. Department of Justice therefore request leave to file the proposed amicus brief.

Dated: March 2, 2026                                Respectfully submitted,

                                                    /s/ Shawnna Yashar

                                                    Shawnna Yashar
                                                    O'MELVENY & MYERS LLP
                                                    1625 Eye St. NW
                                                    Washington, DC 20006
                                                    (703) 980-8904
                                                    syashar@omm.com

*Attorneys for* Amici Curiae *Former Employees of the U.S. Department of Justice*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(B)(4)(c), I hereby certify that the foregoing Unopposed Motion for Leave to File Brief of *Amici Curiae* complies with the type volume limitations of Local Rule 7.1(B)(4)(b) because it contains 752 words, as determined by the word count function of Microsoft Office 365.

/s/ Shawnna Yashar

Shawnna Yashar

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2026, I caused to be served a copy of the above document on all counsel of record and parties via the ECF system.

/s/ Shawnna Yashar

Shawnna Yashar