E-FILED
Monday, 23 March, 2026  04:57:52 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> BERNADETTE MATTHEWS, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois, <br><br> *Defendant*. | Case No. 3:25-cv-03398-CRL-DJQ |

**ILLINOIS AFL-CIO, ILLINOIS ALLIANCE FOR RETIRED AMERICANS, AND ILLINOIS FEDERATION OF TEACHERS' SUPPLEMENT TO MOTION TO DISMISS**

In accordance with the Court's recent Order, Dkt. 59, Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers (collectively, the "AFL-CIO Intervenors") submit this short supplemental brief to provide the Court with additional information in support of Intervenor-Defendants' Motion to Dismiss. *See generally* AFL-CIO Intervenors Mot. Dismiss ("Mot. Dismiss"), Dkt. 56.

Since AFL-CIO Intervenors filed their Motion to Dismiss, DOJ has advanced a new, post hoc rationalization for its demand that only further underscores the demand's pretextual nature. In seeking to expedite the appeals of the dismissals of its claims in California, Oregon, and Michigan, DOJ has claimed for the first time that it needs those states' voter files to facilitate the removal of *noncitizens* from the rolls before the 2026 elections.[1] There is no evidence that noncitizen

---

[1] *See* DOJ Mot. Expedite Appeal at 2, 7, 15, *United States v. Weber*, No. 26-1232 (9th Cir. Mar. 3, 2026), Dkt. 12.1; DOJ Mot. Expedite Appeal at 2, 7, 15, *United States v. Oregon*, No. 26-1231 (9th Cir. Mar. 3, 2026), Dkt. 12.1; DOJ Mot. Expedite Appeal at 3, 7, 16, *United States v. Benson*,

registration or voting is a serious problem in any of these states (or in Illinois, for that matter). Importantly, however, the assertion also represents a notable departure from DOJ's prior representations in those litigations. Specifically, in the district courts in those cases, DOJ made allegations similar to those that it makes here, where it alleges that the purpose of its demand for the unredacted voter file is to investigate whether the state is in compliance with federal list maintenance statutes, and not based on some suspicion or investigation of noncitizens on the voter rolls. *See* Mot. Compel Exs. 1 and 2, Dkt. 5-2.

The change in approach is also telling because the NVRA requires that states "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" either "the death of the registrant" or "a change in the residence of the registrant," in accordance with other provisions of the law. *See* 52 U.S.C. § 20507(a)(4). Thus, DOJ's new assertion that what it is attempting to do with this massive effort to compile private voter information nationwide is identify any evidence that there are noncitizens on the rolls is not legitimately connected to what it has claimed it is doing here—namely, investigating whether Illinois is in compliance with federal list maintenance obligations. *See* Compl. ¶¶ 9–10, Dkt. 4. This new development further indicates that the "purpose" that DOJ has offered for its demand in this case is pretextual—and therefore insufficient to satisfy Title III's "purpose" requirement. *See* Mot. Dismiss at 9–14; *see also United States v. Weber*, 2026 WL 118807, at *10–12 (C.D. Cal. Jan. 15, 2026) (finding DOJ's purported "purpose" was contrived and therefore inadequate under Title III).

---

No. 26-1225 (6th Cir. Feb. 27, 2026), Dkt. 6-1 (same); *see generally Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record" when evaluating a motion to dismiss under Rule 12(b)(6) "when the accuracy of those documents reasonably cannot be questioned").

In addition, in its appellate brief filed just a few days ago in the Oregon case, DOJ also argued for the first time that Title III's "basis" requirement is merely intended to ensure that a state "understand[s] the *basis* for [DOJ's] complaint" so that it can take "corrective action" to fix "alleged violations" of the law. Appellant's Br. at 25, *United States v. Oregon*, No. 26-1231 (9th Cir. Mar. 18, 2026), Dkt. 26.1 (emphasis added). Applied here, where DOJ has stated no basis at all and failed to identify any alleged violation of federal list-maintenance requirements, *see* Mot. Compel Exs. 1 and 2, DOJ's new position only further confirms that its demand was inadequate under Title III, even under DOJ's own reading of the statute. *See also* Mot. Dismiss at 9–11.

For these reasons, and for those set forth in AFL-CIO Intervenors' Motion to Dismiss, the Amended Complaint should be dismissed with prejudice under Rule 12(b)(6).

Dated: March 23, 2026

*/s/ Adam J. Smith*
Adam J. Smith
Counsel for Intervenor-Defendants

Sarah Grady
John Hazinski
Adam J. Smith
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
adam@kaplangrady.com
Tel: (312) 852-2184

Elisabeth Frost
Katie Chamblee-Ryan
Tina Meng Morrison
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
tmengmorrison@elias.law
Tel: (202) 968-4490

*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*

## CERTIFICATE OF SERVICE

I, Adam J. Smith, an attorney, certify that on March 23, 2026, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Adam J. Smith
Adam J. Smith
Counsel for Intervenor-Defendants