E-FILED
Monday, 06 April, 2026 09:20:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>v.<br>BERNADETTE MATTHEWS, in her Official Capacity as Executive Director of the State Board of Elections for the State of Illinois,<br><br>Defendant. | CASE NO: 3:25-cv-3398 |

**SECOND DECLARATION OF ERIC NEFF**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States' Motion to Compel the production of election records pursuant to the Civil Rights Act ("CRA") codified at 52 U.S.C. §§ 20701, *et seq*.

2. The National Voter Registration Act, 52 U.S.C. § 20501 ("NVRA"), et seq., and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, et seq., require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3. Section 8(i) of the NVRA requires states to make available "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

4. HAVA requires that "an application for voter registration for an election for Federal office may not be accepted or processed by a State unless the application includes" the applicant's driver's license number or if that is unavailable, the last four digits of the Social Security number. 52 U.S.C. § 21083(a)(5)(A)(i). That information is necessary to identify duplicate registration records, registrants who have moved, registrants who have died, and those who are not eligible to vote in federal elections.

5. To ascertain whether a jurisdiction engages in practices that violate federal law (whether HAVA, the NVRA, the Voting Rights Act or any other one), the Attorney General needs to examine both applications to register to vote and the final voting rolls, including the electronic statewide voter registration list ("SVRL"), as assurance that the applications are being properly processed and that reasonable and nondiscriminatory list maintenance efforts have been practiced.

6. When the Civil Rights Division performs this individualized assessment, Illinois's SVRL is compartmentalized and maintained by the Civil Rights Division separately from the SVRL of any other State. The maintenance, use, and destruction of those records is in full compliance with the requirements in the CRA, Privacy Act, and all other federal laws governing the records.

7. On July 28, 2025, the Attorney General sent a letter to the Executive Director of the State Board of Elections for the State of Illinois, Bernadette Matthews, requesting, *inter alia*, a copy of Illinois' SVRL and additional information responsive to potential problems with list

maintenance in Illinois as identified in the most recent report from the Election Assistance Commission's Election Administration and Voting Survey ("EAVS").

8. On August 14, 2025, the United States sent another letter requesting a copy of Illinois' SVRL.

9. The letter informed Director Matthews that the basis for the demand was the CRA and purpose of the demand was to ascertain Illinois' compliance with the NVRA and HAVA.

10. Director Matthews responded that she would not provide a copy of the SVRL including all fields, citing state law privacy concerns.

11. The United States previously has pursued successful matters, including in litigation, to obtain statewide voter registration lists under Title III of the CRA.

12. For example, in two of those CRA matters against Georgia and Texas, the United States obtained the SVRLs, including drivers' license numbers and last four digits of the registrant's social security number, to evaluate compliance with the NVRA, including that Act's list maintenance requirements.

13. A true and accurate copy of the Complaint filed in United States v. Georgia, Case No. 1:06-cv-02442-CC (N.D. Ga. filed Oct. 12, 2006), is attached as Exhibit 1.

14. On October 27, 2006, the Court entered a Consent Decree in Georgia requiring the state to produce its SVRL to the United States. A true and accurate copy of the Georgia Consent Decree is attached as Exhibit 2.

15. The Texas matter was resolved by a Memorandum of Understanding ("MOU") dated May 13, 2008, which required Texas to produce its SVRL to the United States. A true and accurate copy of the Texas MOU is attached as Exhibit 3.

16. Additionally, on April 4, 2007, a Court entered a Consent Decree in Maine requiring, *inter alia,* preserve "voter registration and list maintenance records…as set forth in the [CRA]". *United States v. Maine*, No. 1:06-cv-00086 (D. Me. Apr. 4, 2007). A true and accurate copy of the Consent Decree is attached as Exhibit 4.

17. In a 2006 Consent Decree the District Court of New Jersey required the state to collect HAVA identifiers from registrants. *United States v. New Jersey*, No. 06-cv-4889 (D. NJ. Oct. 12, 2006). A true and correct copy of the Consent Decree is attached as Exhibit 5.

18. A June 2006 Consent Decree also required Indiana to "retain voter registration and list maintenance records" for the time period specified in the CRA. *United States v. Indiana*, No. 1:06-cv-1000 (D. Ind. June 27, 2006)

19. Recent enforcement efforts by the Attorney General demonstrate the need for federal scrutiny, as Congress contemplated in authorizing the Attorney General to bring enforcement actions under HAVA and the NVRA.

20. In 2025, North Carolina election officials admitted that the state "maintained and used a HAVA List that includes records that do not comply with the requirements for Federal elections under Section 303(a)(5)." *United States v. N. Carolina Bd. of Elections*, Consent J. & Order at 4 (E.D.N.C. Sept. 8, 2025). Specifically, the State's HAVA List included over one hundred thousand active voter records that were missing one of the identification numbers required by HAVA: the registrant's driver's license number, the last four numbers of the registrant's social security number, or a unique identifying number if the registrant had neither a driver's license nor a social security number. A true and accurate copy of the North Carolina Consent Judgment and Order is attached as Exhibit 7.

21. A true and accurate copy of North Carolina's Second Status Report is attached as Exhibit 8.

22. The United States has offered states an MOU memorializing these requirements. As of April 3, 2026, seventeen states have provided their SVRL, including: fourteen states that have provided their SVRLs without any MOU, two states that have agreed to provide their SVRL under the terms of the MOU, and one state that entered a Settlement Agreement after the filing of a Complaint.

I declare under the penalty of perjury that the above statements are true and correct.

Dated: April 6, 2025 at Washington, DC.

_*/s/ Eric Neff*_____
Eric Neff