**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff*,<br><br>      v.<br><br>BERNADETTE MATTHEWS, *in her official capacity as Executive Director of the State Board of Elections for the State of Illinois*,<br><br>      *Defendant*. | Case No. 3:25-cv-3398 |

**INTERVENOR-DEFENDANTS ILLINOIS AFL-CIO, ILLINOIS ALLIANCE FOR
RETIRED AMERICANS, AND ILLINOIS FEDERATION OF TEACHERS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers respectfully provide this Court notice of supplemental authority supporting their pending Motion to Dismiss. *See* Dkt. No. 56.

First, as noted by Defendant Bernadette Matthews, *see* Dkt. No. 77, yet another federal district court has now dismissed a near-identical complaint by DOJ against another state seeking the same type of information DOJ seeks here—this time in Arizona. *See generally United States v. Fontes*, No. 2:26-cv-00066-PHX-SMB, 2026 WL 1145626 (D. Ariz. Apr. 28, 2026). That brings the total number of federal courts to have dismissed DOJ's parallel complaints to six, and not one has yet to find that DOJ has stated a valid claim. Intervenors briefly identify specific parts of the decision that support the arguments they have made in this case. First, like every other court to decide the issue thus far, *Fontes* held that the Federal Rules of Civil Procedure govern these suits,

and that DOJ's demand under Title III of the Civil Rights Act is subject to Rule 12(b)(6) motions. *See id.* at *1 & n.1; Int.-Defs.' Mem. in Support of Mot. to Dismiss at 7–9, Dkt. No. 56 ("Int.-Defs.' Mem."); Int.-Defs.' Reply in Support of Mot. to Dismiss at 4–7, Dkt. No. 76 ("Int.-Defs' Reply"). Second, *Fontes* held that, as a matter of statutory interpretation, Title III of the Civil Rights Act does not entitle the Attorney General to the unredacted voter list. 2026 WL 1145626, at *2, *7. As Intervenors here have argued, the fact that the CRA makes election officials criminally liable for knowingly altering records subject to that statute's reach, while the NVRA and HAVA require continuous alteration of the voter file as part of those statutes' list maintenance requirements, makes DOJ's position that the voter file is a record subject to demand under the CRA unsustainable. *See id.* at *4; Int.-Defs.' Reply at 13.

Second, internal DOJ emails that were recently produced in response to a public records request lawsuit provide additional evidence that the "purpose" DOJ has offered for its demand in this case—to assess Illinois' compliance with the NVRA and HAVA—is pretextual, and thus insufficient under Title III. *See* Supp. Br. in Support of Mot. to Dismiss at 1–2, Dkt. No. 69; Int.-Defs.' Mem. at 9–14; *see also Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (explaining that a court may consider "documents . . . properly subject to judicial notice" on a motion to dismiss); *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) (finding that the district court properly considered documents "in the public domain" on a motion to dismiss by "[taking] judicial notice of the indisputable facts that those documents exist [and] they say what they say"); *Tran v. Sioux Honey Ass'n, Coop.*, 471 F. Supp. 3d 1019, 1022 n.3 (C.D. Cal. 2020) (taking judicial notice of documents produced in response to Freedom of Information Act requests). Specifically, on June 16, 2025, one day before DOJ sent its first voter roll demand letter, Deputy Assistant Attorney General Michael Gates emailed Assistant Attorney General Harmeet

Dhillon describing a plan to "compare th[e] SAVE database against states' voter rolls" to identify potential noncitizens, explaining that the division "will get [the voter rolls] directly from states under the NVRA." Ex. A. The very next month, DOJ sent its demand to Illinois. *See* DOJ Mot. to Compel, Ex. 1 (July 28 Ltr.) at 2–3, Dkt. No. 5-2.

The emails also demonstrate DOJ's intent to hide its true objectives in these cases. Later, in a November 18, 2025 email, Acting Chief of the Voting Section Eric Neff addressed how to respond to inquiries about DOJ's plans to use or share voter data, such as with the Department of Homeland Security, which houses the SAVE database. *See* Ex B. Acting Chief Neff advised: "I believe our reply should always be, 'We will use the data in a manner consistent with Federal law' and say nothing more. HAVA, NVRA, CRA—none of them require [us] to give the states information about what we are going to do with the data. No judge will have authority to limit us beyond a promise of Federal law compliance." *Id.*

Dated: April 30, 2026

/s/ *Elisabeth Frost*
Elisabeth Frost
*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*

Elisabeth Frost
Katie Chamblee-Ryan
Tina Meng Morrison
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
tmengmorrison@elias.law
Tel: (202) 968-4490

Sarah Grady
John Hazinski
Adam Smith

**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
sarah@kaplangrady.com
Tel: (312) 852-2184

*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*