E-FILED
Friday, 29 May, 2026  03:24:53 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

THE UNITED STATES OF AMERICA,

*Plaintiff,*

v.

BERNADETTE MATTHEWS, in her official
capacity as Executive Director of the State Board
of Elections for the State of Illinois,

*Defendant.*

No. 3:25-cv-3398

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "NOTICE OF
SUPPLEMENTAL AUTHORITY"**

Lacking legal authority to do so, the Department of Justice (DOJ) has filed a non-judicial, non-precedential, post-hoc, self-serving memorandum from its own Office of Legal Counsel (OLC), concluding that DOJ acted within its authority when demanding States' unredacted voter lists. Dkt. 79. The OLC memorandum makes clear that DOJ has hidden from this Court and the Illinois State Board of Elections its true plans for the States' voter lists. Although DOJ maintained in its filings up until now that it sought to enforce the NVRA and HAVA, the OLC memorandum lays bare that DOJ's true purpose all along was to share the lists with the Department of Homeland Security (DHS) for immigration enforcement, to use the lists for criminal enforcement, and to decide voter eligibility for the States (which it has no authority to do). Ultimately, this sur-reply in support of DOJ's motion to compel, masquerading as "authority," should be stricken for failing to comply with the local rules and the briefing order

entered in this case. If the Court declines to strike the filing, Defendant Matthews requests leave to file a four-page response, attached as Exhibit 1, to DOJ's 41-page memorandum.

## ARGUMENT

### I.    DOJ's improper sur-reply should be stricken.

A notice of supplemental authority "permits parties to briefly apprise the court of new or previously undiscovered authority pertinent to arguments made orally or in the briefs." *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007) (in the analogous Rule 28(j) context for appeals). The notice does not allow a party to raise new or different arguments. *Id*.

As a general matter, OLC memoranda contain DOJ's own arguments, are not authority, and therefore are not proper subjects of notices of supplemental authority. As the D.C. Circuit has explained, "OLC's views are not binding, nor are they entitled to deference." *Ctr. for Biological Diversity v. U.S. Int'l Development Fin. Corp.*, 77 F.4th 679, 689 (D.C. Cir. 2023). Rather, OLC memoranda contain DOJ's legal positions and arguments in support of that position. OLC "provides legal advice" and serves as "counsel" to the Executive Branch and its agencies.[1] Its memoranda containing such legal advice and arguments therefore cannot properly form the basis for a notice of supplemental authority. The OLC memorandum also newly raises multiple arguments, including incorrect assertions that States must conduct routine list maintenance to remove purported noncitizens, and that Title III of the Civil Rights Act supersedes any and all State privacy protections. OLC Mem. at 5, 12. DOJ's notice and attachment should be stricken for raising new or different arguments in an improper filing.

DOJ's filing amounts to an unauthorized sur-reply. This Court has discretion to strike unauthorized sur-replies. *See Gobin v. Eli Lilly and Co.*, No. 1:25-cv-02209, 2026 WL 706477,

---

[1] https://www.justice.gov/olc.

at *3 (S.D. Ind. Mar. 13, 2026). Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court permit filing a sur-reply without leave. And the briefing schedule, agreed upon by the parties and entered on the docket, makes no provision for further filings beyond responses and replies. *See* Dkts. 53, 60. Furthermore, DOJ's notice itself impermissibly included argument on the merits of its motion to compel. *See Hagens Berman Sobol Shapiro LLP v. Rubinstein*, No. C09-0894, 2009 WL 3459741, at *1 (W.D. Wash. Oct. 22, 2009) (striking a notice of supplemental authority that improperly "contained argument regarding the case").

For these reasons, Matthews respectfully requests that this Court strike DOJ's May 15, 2026 filing.

## II.    Alternatively, Matthews seeks leave to file a brief response to DOJ's sur-reply.

In the alternative, if the Court allows DOJ to submit its new 41-page brief, Matthews requests leave, in the interest of fairness, to file the attached response, which briefly addresses new arguments in DOJ's filing. In the proposed response, Matthews explains that DOJ's filing relies upon the false premise that the NVRA and HAVA require ongoing affirmative list maintenance to weed out hypothetical noncitizens, and that the filing illustrates DOJ's pretextual justifications for seeking State voter rolls for unauthorized purposes.

Dated: May 29, 2026                                  Respectfully submitted,

Vikas Didwania                                       KWAME RAOUL,
Holly Berlin                                         Attorney General of Illinois, on behalf of
R. Henry Weaver                                      Bernadette Matthews, Executive Director of the
Office of the Illinois Attorney General              Illinois State Board of Elections
115 S. LaSalle St.
Chicago, IL 60603                                    By:    */s/ Holly F.B. Berlin*
*vikas.didwania@ilag.gov*                                   Assistant Attorney General
*holly.berlin@ilag.gov*
*robert.weaver@ilag.gov*
(312) 814-3000