# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BERNADETTE MATTHEWS, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois,<br><br>*Defendant.* | No. 3:25-cv-3398 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SURREPLY IN SUPPORT OF ITS MOTION TO COMPEL**

The Department of Justice's (DOJ) memorandum from its own Office of Legal Counsel (OLC) is neither binding on this Court nor persuasive on any point and should be disregarded. If considered, the memorandum further supports Matthews's motion to dismiss and opposition to the motion to compel. Contrary to DOJ's repeated previous assertions, it is now clear that DOJ seeks to amass a federal voter list to identify purported noncitizens, and to share that information with other agencies for immigration and criminal enforcement purposes. The National Voter Registration Act (NVRA) and the Help America Vote Act (HAVA)—which are the federal list maintenance statutes that DOJ says it seeks to enforce—do not impose citizenship-related list maintenance obligations, a point that DOJ repeatedly attempts to elide. DOJ has hidden its true purpose in seeking these data from courts across the country, as well as litigants in this case. And DOJ's pretextual reasons for seeking voter data are illegitimate: states, not the federal government, determine voter qualifications.

**A. DOJ wrongly suggests that the list maintenance provisions of the NVRA and HAVA pertain to voting by noncitizens.**

DOJ has repeatedly used the purported objective of ensuring States' compliance with the list maintenance provisions of the NVRA and HAVA to justify its nationwide effort to amass voters' sensitive personal information. The OLC memorandum treats line-by-line investigation and removal of noncitizens from the voter rolls as part of list maintenance that the NVRA and HAVA require. But this is misleading. The NVRA requires that States "conduct a general program that makes a reasonable effort to remove" voters who are ineligible "by reason of (A) the death of the registrant; or (B) a change in the residence of the registrant." 52 U.S.C. § 20507(a)(4). And HAVA requires that "[t]he State election system" "include provisions to ensure that voter registration records in the State are accurate and are updated regularly, including" "[a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters[,]" which must be "consistent with the National Voter Registration Act." 52 U.S.C. § 21083(a)(4)(A). Both statutes require only that States maintain a *general system* of list maintenance, not line-by-line auditing of the citizenship status of millions of registered voters, all of whom have already provided evidence of citizenship when registering to vote.

In its twisted attempt to force the issue of list maintenance to remove alleged noncitizen registrants into irrelevant statutes, DOJ makes a number of other misleading statements. The criminal provision of the NVRA that DOJ cites prohibits knowingly and willfully depriving or defrauding (or attempting to deprive or defraud) a State's residents of a fair and impartially administered election through submission of "voter registration applications" that are known to be false. *Compare* 52 U.S.C. § 20511 *with* OLC Memo. at 4. This provision does not impose affirmative, ongoing list maintenance obligations on States. And DOJ provides no support for its incorrect assertion that Congress has "demand[ed]" "that states . . . remove those who are

2

ineligible to vote" "due to illegal presence in this country." *See* OLC Memo. at 5. Furthermore, it is impossible for DOJ's purpose to be that of "facilitate[ing] ordinary list maintenance": as set forth in the NVRA and HAVA, States, not the federal government, are responsible for ordinary list maintenance. *Compare* 52 U.S.C. § 20507(a)(4) ("each *State* shall" conduct list maintenance) and 52 U.S.C. § 21083 (the "appropriate *State or local official* shall perform list maintenance) (emphases added) *with* OLC Memo. at 5. In leaving list maintenance to the States, these laws effect separation of powers and recognize the fundamental constitutional principle that states have primary authority for running elections, including conducting voter list maintenance and deciding voter eligibility under the Voter Qualifications Clause. U.S. Const. art. I, § 2, cl. 1; 52 U.S.C. § 10101(a)(2)(B) (recognizing that voter registration is governed by state law); *Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 774 (2018). This serves as a "structural protection[] against abuse of power," which in turn "preserv[es] liberty." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 223 (2020) (quoting *Bowsher v. Synar*, 478 U.S. 714, 730 (1986)).

This Court should reject the false premise that the statutes DOJ has invoked in this lawsuit—the NVRA and HAVA—impose obligations on States to perform ongoing list maintenance to weed out noncitizens. They do not. DOJ's fishing expedition is not legally supportable, and its newest memorandum changes nothing.

**B. DOJ's memorandum reveals that this lawsuit is a pretext for other purposes.**

The OLC memorandum reveals that DOJ has hidden from this Court its long-standing plan to share Illinois's voter list with DHS—an agency that plays no role in NVRA and HAVA compliance. The memorandum further reveals that DOJ believes sharing the list with DHS would help it enforce criminal laws against immigrants unrelated to States' list maintenance practices under the NVRA and HAVA, such as 18 U.S.C. § 1015(f). OLC Memo. at 4-5.

3

In its August 14, 2025 letter to Matthews, DOJ stated, "*The* purpose of the request is to ascertain Illinois's compliance with the list maintenance requirements of the NVRA and HAVA." Dkt. 5-2, Ex. 2 (emphasis added). In November 2025, in response to questions about public reporting indicating DOJ would be sharing voter lists with DHS, reporting indicates that DOJ assured a group of state officials that it was not engaged in such information sharing. *See* Dkt. 66, at 4-5. In its complaint here, DOJ again stated that its purpose is to enforce the list maintenance provisions of NVRA and HAVA. Dkt. 4, ¶¶ 12, 14, 15. DOJ emphasized it was investigating "Illinois's list maintenance practices under [HAVA] and the [NVRA]." Dkt. 73, at 1. DOJ submitted a declaration explaining that it would "compartmentalize" the voter lists, suggesting that Illinois's list would be kept secure and would not be shared. Dkt. 73-1, ¶ 6.

DOJ never let on in any of these documents that it planned to share Illinois's voter list with DHS. Yet, the OLC memorandum reveals that DOJ had this plan before filing suit, and well before its submissions to this Court suggesting otherwise. By early September 2025, DOJ already aimed "to share the lists with Homeland Security Investigations ("HSI") or another unit within DHS." OLC Memo. at 1. Notably, sharing the list is *not* to enforce the NVRA or HAVA. It cannot be, because DHS plays no role in such enforcement. Instead, DOJ seeks to share the list with DHS for immigration enforcement—wholly divorced from the NVRA and HAVA.

DOJ's obfuscation is troubling—and is a basis to dismiss its claim under Title III of the Civil Rights Act for failing to state the purpose of its document demand. 52 U.S.C. § 20703. But the OLC memorandum also reveals *why* DOJ was hiding its true purposes: even adopting DOJ's unsupported view that the Civil Rights Act's document disclosure provision broadly covers the enforcement of voting laws, it certainly does not cover immigration enforcement or auditing State voter rolls to decide voter eligibility on behalf of States. The complaint must be dismissed.

Dated: May 29, 2026

Respectfully submitted,

Vikas Didwania
Holly Berlin
R. Henry Weaver
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
*vikas.didwania@ilag.gov*
*holly.berlin@ilag.gov*
*robert.weaver@ilag.gov*
(312) 814-3000

KWAME RAOUL,
Attorney General of Illinois, on behalf of
Bernadette Matthews, Executive Director of the
Illinois State Board of Elections

By:   */s/ Holly F.B. Berlin*
        Assistant Attorney General