E-FILED
Friday, 26 June, 2026  09:55:45 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. BERNADETTE MATTHEWS, *in her official capacity as Executive Director of the State Board of Elections for the State of Illinois*, *Defendant*. | Case No. 3:25-cv-3398 |

**INTERVENOR-DEFENDANTS ILLINOIS AFL-CIO, ILLINOIS ALLIANCE FOR RETIRED AMERICANS, AND ILLINOIS FEDERATION OF TEACHERS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers respectfully provide the Court notice of supplemental authority supporting their pending Motion to Dismiss. *See* Dkt. No. 56.

In DOJ's parallel suit seeking Michigan's unredacted voter list, the Sixth Circuit recently affirmed dismissal of DOJ's complaint on two grounds. *See United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026).

First, the Sixth Circuit held that a statewide voter list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). *Id.* at *5. In reaching this conclusion, the court looked to dictionary definitions, ordinary usage, and statutory context. *Id.* at *4–5. The court explained that construing the CRA to cover voter lists, as DOJ urges, would put the CRA "on a collision course with the [National Voter Registration Act] and

1

[Help America Vote Act]" because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at *5–6. The court also explained that reading the CRA to extend to all records in the possession of election officials would render the phrase "come into" superfluous. *Id*. at *6. And the court rejected many of the same counterarguments DOJ advanced here, such as its contention that the phrase "come into possession" creates a "temporal distinction." *Id.* at *6–8; *see* Dkt No. 73 at 15–16.

Second, the Sixth Circuit held that DOJ failed to state both the basis and the purpose for its demand in a single letter, as the CRA requires. *Benson*, 2026 WL 1815425, at *8; *see* Dkt. No. 56 at 9–11. The court emphasized that because the CRA requires that a demand "shall" contain a statement of both the basis "and" the purpose, the statute "creates an obligation" to include both components that is "impervious to judicial discretion." *Benson*, 2026 WL 1815425, at *8 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024)). And because DOJ failed to comply with this mandatory statutory obligation under Title III, it cannot compel the state to produce its unredacted voter file. *Id.*

DOJ's position has now been rejected by ten federal courts, including a court of appeals. No federal court has concluded that DOJ stated a viable claim. Faced with this unanimous body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: June 26, 2026

/s/ *Elisabeth Frost*
Elisabeth Frost
*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*

Elisabeth Frost
Katie Chamblee-Ryan
Tina Meng Morrison
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400

Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
tmengmorrison@elias.law
Tel: (202) 948-1135

Sarah Grady
John Hazinski
Adam Smith
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
sarah@kaplangrady.com
Tel: (312) 852-2184

*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*