E-FILED
Tuesday, 30 June, 2026  03:56:51 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

BERNADETTE MATTHEWS, in her official capacity as Executive Director of the State Board of Elections for the State of Illinois,

       Defendant.

Case No. 3:25-CV-3398

### UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
### (Dkt. 90)

The United States hereby responds to intervenor defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers' Notice of Supplemental Authority filed June 26, 2026.

In a split decision in *United States v. Benson*, 2026 WL 1815425 (6th Cir. June 24, 2026), the court held that for purposes of Title III of the Civil Rights Act of 1960 ("CRA"), Michigan's SVRL is not a record that "come[s] into [the] possession" of an "officer of election," 52 U.S.C. § 20701, because it is "internally generated . . . , not a record acquired from an outside source." 2026 WL 1815425, at *5. The court further stated that officers of election need not retain and preserve the SVRL because "the NVRA and HAVA *require* Michigan election officials to alter [it] routinely." *Id.*

As Judge Nalbandian's dissent pointed out, the CRA contains no "external-source limitation." *Id*. at *10 n.3. The historical backdrop against which Title III was passed belies any

such limitation. *See id.* at *11. The majority's reading would also produce bizarre results as it would exclude self-generated lists designating registrants "by race." *Id.* at *11 n.7. But even accepting an external-source limitation, Title III's "focus[] on individual 'officer[s] of election' " means that even if "Benson's employees generated the [SVRL]—and therefore didn't 'come into . . . possession' of the list themselves—Benson nonetheless 'c[a]me into . . . possession' of the file when her employees sent it to her." *Id.* at *11 (citations omitted; alterations in original).

*Benson* also held that the Attorney General's demand was inadequate because the required statement of the basis and purpose was spread out over multiple letters. *See id.*, at *8. "The majority strain[ed] to bifurcate the two letters into discrete 'demands,' " but that approach "shuns the common-sense inquiry of whether the DOJ put Michigan on notice." *Id.* at *12-13 (Nalbandian, J., dissenting). "[T]he Attorney General needn't articulate a basis and a purpose in a single communication," as it suffices to incorporate earlier letters by reference. *Id.* at *13 (citing 52 U.S.C. § 20703).

Dated: June 30, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Jake T. Bachand
Jake T. Bachand
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 304-8146
jake.bachand@usdoj.gov