E-FILED
Wednesday, 15 July, 2026  09:53:45 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>BERNADETTE MATTHEWS, *in her official capacity as Executive Director of the State Board of Elections for the State of Illinois*,<br><br>    *Defendant*. | Case No. 3:25-cv-3398 |

**INTERVENOR-DEFENDANTS ILLINOIS AFL-CIO, ILLINOIS ALLIANCE FOR
RETIRED AMERICANS, AND ILLINOIS FEDERATION OF TEACHERS'
FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers respectfully submit this notice of supplemental authority supporting their pending Motion to Dismiss. *See* Dkt. No. 56.

Sixteen federal courts, including one court of appeals, have now unanimously rejected DOJ's claims. As Defendant Matthews noted, on Friday, July 10, 2026, a federal district court in New York dismissed DOJ's parallel lawsuit seeking that state's unredacted voter list and denied DOJ's motion to compel as moot. *See United States v. Bd. of Elections of N.Y.*, No. 25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026); *see* Notice (Dkt. No. 94).

Then, on July 13, 2026, a federal district court in West Virginia dismissed DOJ's parallel suit. *See* Order, *United States v. Warner*, No. 26-cv-156, 2026 WL 2018877 (S.D.W. Va. July 13, 2026). And, on July 14, 2026, federal district courts in New Mexico and Virginia did so as well. *See United States v. Oliver*, 1:25-cv-01193-JCH-JFR, 2026 WL 2031479 at *8–10 (D.N.M. July

1

14, 2026); *United States v. Koski*, No. 3:26-cv-42, 2026 WL 2032532 at 4–6 (E.D. Va. July 14, 2026).

The West Virginia and New Mexico courts both found that DOJ's claims under Title III of the Civil Rights Act fail because DOJ did not include a factual "basis" for its demand, as the statute requires. *See Warner*, 2026 WL 2018877, at *3–6; *Oliver*, 2026 WL 2031479 at *8–10.

The West Virginia court further found that DOJ's demand also lacked a valid purpose because DOJ's stated purpose—to assess West Virginia's compliance with the National Voter Registration Act and the Help America Vote Act—"is unrelated to the purpose of Title III, which is to protect against the infringement or denial of voting rights." *Warner*, 2026 WL 2018877, at *6. The court stressed that, if DOJ seeks to enforce the NVRA and HAVA, "there are avenues for it to do so pursuant to those specific statutes." *Id.* at *7 n.8. Those mechanisms "do not contemplate production of the unredacted computerized list to the Attorney General so that he might loom over the shoulder of the state election official to point out and demand the correction of inaccuracies in the list." *Id.* (quoting *United States v. Bellows*, No. 1:25-cv-00468, 2026 WL 1430481 (D. Me. May 21, 2026)). In short, DOJ cannot repurpose the Civil Rights Act into an enforcement mechanism that Congress chose not to include in the NVRA and HAVA.

The Virginia court found that the unredacted state voter file was not a record or paper within the meaning of the Civil Rights Act because it did not "come into [the] possession" of an officer of election. *See* 52 U.S.C. § 20701, *et seq. See Koski*, 2026 WL 2032532 at *4–6.

Dated: July 15, 2026

/s/ *Elisabeth Frost*
Elisabeth Frost
*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*

2

Elisabeth Frost
Katie Chamblee-Ryan
Tina Meng Morrison
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
tmengmorrison@elias.law
Tel: (202) 948-1135

Sarah Grady
John Hazinski
Adam Smith
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
sarah@kaplangrady.com
Tel: (312) 852-2184

*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*