E-FILED
Monday, 27 July, 2026  01:59:23 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | |
| BERNADETTE MATTHEWS, *in her official capacity as Executive Director of the State Board of Elections for the State of Illinois*, | Case No. 3:25-cv-3398 |
| *Defendant*. | |

**INTERVENOR-DEFENDANTS ILLINOIS AFL-CIO, ILLINOIS ALLIANCE FOR
RETIRED AMERICANS, AND ILLINOIS FEDERATION OF TEACHERS'
SEVENTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers respectfully submit this notice of supplemental authority supporting their pending Motion to Dismiss. *See* Dkt. No. 56.

The Eastern District of Kentucky is now the eighteenth federal court—including one court of appeals—to reject DOJ's claim that it is entitled to states' unredacted voter files. On July 23, 2026, the court dismissed DOJ's parallel suit seeking Kentucky's unredacted statewide voter registration list and denied DOJ's motion to compel. *See* Mem. Op. and Order *United States v. Adams*, No. 3:26-CV-00019, 2026 WL 2123871 (E.D. Ky. July 23, 2026).

Like every other federal court to consider the question, the Kentucky court first rejected DOJ's argument that Title III of the Civil Rights Act displaces the Federal Rules of Civil Procedure. *Id.* at *3–4. The court observed that DOJ relied on "a sixty-year-old out-of-circuit case, *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), to support its position that the Federal Rules are

1

inapplicable." *Id.* at \*3. But the Supreme Court "reached a contrary result" two years later in *United States v. Powell*, 379 U.S. 48 (1964). *Id.* Thus, "in accordance with *Powell*, and every other district court that has considered this issue," the Kentucky court found that the Federal Rules apply. *Id.* (collecting cases).

On the merits, the court held that Kentucky's unredacted voter list was not subject to disclosure under Title III because it did not "come into" election officials' possession, applying the Sixth Circuit's decision in *United States v. Benson*, 179 F.4th 470 (6th Cir. 2026). *See id.* at \*4–5. The court also held, again following *Benson*, that DOJ's claims failed for an independent reason: its demand letters stated neither a basis nor a purpose, instead offering only a "general reference" to the National Voter Registration Act and the Help America Vote Act. *Id.* at \*6. Because DOJ "did not comply with its mandatory statutory obligation to submit a demand" stating "both the basis and purpose of its request," Kentucky "did not violate Title III by refusing to produce" the state's unredacted voter file. *Id.*

Dated: July 27, 2026

/s/ *Elisabeth Frost*
Elisabeth Frost
*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*

Elisabeth Frost
Katie Chamblee-Ryan
Tina Meng Morrison
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
tmengmorrison@elias.law
Tel: (202) 948-1135

Sarah Grady
John Hazinski

2

**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
sarah@kaplangrady.com
john@kaplangrady.com
Tel: (312) 852-2184

*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*