E-FILED
Friday, 31 July, 2026  03:23:55 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. BERNADETTE MATTHEWS, *in her official capacity as Executive Director of the State Board of Elections for the State of Illinois*, *Defendant*. | Case No. 3:25-cv-3398 |

**INTERVENOR-DEFENDANTS ILLINOIS AFL-CIO, ILLINOIS ALLIANCE FOR RETIRED AMERICANS, AND ILLINOIS FEDERATION OF TEACHERS'
EIGTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers respectfully submit this notice of supplemental authority supporting their pending Motion to Dismiss. *See* Dkt. No. 56.

On July 29, 2026, the District of New Jersey—now the nineteenth federal court, including one court of appeals, to reject DOJ's claim that it is entitled to states' unredacted voter files— dismissed DOJ's parallel suit seeking New Jersey's unredacted statewide voter registration list and denied DOJ's motion to compel. *See United States v. Caldwell*, No. 3:26-cv-2025 (ZNQ) (JTQ), 2026 WL 2186515 (D.N.J. July 29, 2026).

Consistent with every other federal court to consider the question, the New Jersey court first rejected DOJ's argument that Title III of the Civil Rights Act (CRA) displaces the Federal Rules of Civil Procedure or precludes the court from assessing whether DOJ's demand complies with the applicable statutory requirements. *Id.* at *5. The court concluded that DOJ's heavy

reliance "on a line of Fifth Circuit cases from the 1960s, most notably *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962)," was misplaced, as just two years later in *United States v. Powell*, 379 U.S. 48 (1964), the Supreme Court held that, under analogous statutory language, the Federal Rules apply to requests for the production of records. *See* 2026 WL 2186515, at *6. The court also noted that while Congress can choose to exempt a statutory proceeding from the Federal Rules, which are the "default rules in civil litigation," nothing in the text of the CRA creates such an exemption. *Id.* (quoting *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023)).

On the merits, the court held that Title III does not extend to New Jersey's computerized voter registration list because it is a document the State itself created, not a record that came into the election officers' possession, as required under Title III. *Id.* at *6–7. In particular, the court noted that the State's obligation to "continuously update" its voter list to remain compliant with the Help America Vote Act and the National Voter Registration Act "clearly contrasts" with Title III, which criminally penalizes any willful alteration of any record or paper covered by Title III. *Id.* at *8. Because DOJ's interpretation would place Title III on a "collision course" with federal law, DOJ's position "becomes untenable due to the inter-statutory conflict it would necessarily engender." *Id.* Therefore, the court dismissed DOJ's complaint with prejudice. *Id.*

2

Dated: July 31, 2026

/s/ Elisabeth C. Frost
Elisabeth C. Frost
*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*

Elisabeth C. Frost
Katie Chamblee-Ryan
Tina Meng Morrison
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
tmengmorrison@elias.law
Tel: (202) 948-1135

Sarah Grady
John Hazinski
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
sarah@kaplangrady.com
john@kaplangrady.com
Tel: (312) 852-2184

*Counsel for Intervenor-Defendants Illinois AFL-CIO, Illinois Alliance for Retired Americans, and Illinois Federation of Teachers*